UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ASHOK KASHELKAR,

                Plaintiff,

-against-

UNITED STATES GOVERNMENT,
SPECIFICALLY: US JUSTICE DEPARTMENT,

                Defendant.

1:24-CV-2722 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ashok Kashelkar, who is appearing *pro se*, filed his complaint commencing this action seeking what appears to be the criminal prosecution of others by the United States Department of Justice ("DOJ"). Plaintiff seems to fear for his life, and alleges that former President of the United States William Jefferson Clinton and former Secretary of State Hillary Rodham Clinton have "complete control" of the DOJ. (ECF 1, at 3.) Plaintiff sues the "United States Government, specifically" the DOJ; the Court understands Plaintiff's complaint as naming the United States of America as the sole defendant. Plaintiff seeks as relief an order directing the United States Marshals Service to remove him and his personal effects from his current residence and to relocate him and his personal effects to a "safe place."[1] (*Id.* at 5.)

---

[1] Following Plaintiff's filing of his complaint in this action, Plaintiff filed successive "petitions for [his] survival." (ECF 5, 6, 8-11.) The Court construes those submissions as supplements to Plaintiff's complaint. Under Rule 5.2(a)(4) of the Federal Rules of Civil Procedure, a court submission that refers to a financial account number must do so by referring to only the last four digits of that financial account number. In one of Plaintiff's supplements to his complaint, Plaintiff reveals the complete financial account number of another entity. (*See* ECF 8.) For those reasons, and in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to that court submission to a "case participant-only" basis.

By order dated May 6, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

As discussed above, Plaintiff's complaint describes how Plaintiff fears for his life and alleges that the Clintons control the DOJ; it also seems to seek the federal criminal prosecution of others by the DOJ.

Plaintiff's supplements to his complaint, while difficult to understand, seem to describe Plaintiff's current or former living situation and his financial situation. Plaintiff alleges that he is homeless, collects funds from the Social Security Administration, and is otherwise destitute, and he complains about his current or former living situation – though Plaintiff alleges that he is homeless, he seems to mention a person who appears to be his current landlord – as well as about his previous unsuccessful litigation in this court and in state courts. Plaintiff's supplements also

describe Plaintiff's previous health complications in multiple hospitals and related health-insurance issues. In addition, one of the supplements describes incidents from Plaintiff's early life in India and later in the United States. Plaintiff attaches documents and describes efforts of the Internal Revenue Service and of the New York State Department of Taxation and Finance to collect tax debt from him, as well as efforts by him to receive Medicaid and social services benefits from the County of Rockland. Moreover, Plaintiff seems to allege that members of his Rockland County community have conspired against him. He also describes unrelated events that have allegedly occurred in Tuxedo, Orange County, New York, as well as interactions he has allegedly had with his landlord and with his own pet cat(s).

## DISCUSSION

A.  **Sovereign immunity**

The Court must dismiss Plaintiff's claims against the United States of America under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against any agency of the federal government, such as the DOJ, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Plaintiff alleges no facts or legal provisions that suggest that the doctrine of sovereign immunity has been waived with respect to his claims against the United States of America. The Court therefore dismisses Plaintiff's claims against the United States of America under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

B.  **Private prosecution**

Plaintiff seems to seek the criminal prosecution of others. If that is the case, the Court must dismiss his claims for such relief. Plaintiff cannot initiate a criminal prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court also dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of anyone, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

C.  **Plaintiff's claims are frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. *See* 28 U.S.C. §1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("An action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are

4

'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33 (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks)). A court has "no obligation to entertain pure speculation and conjecture." *Id.*

To the extent that the Court can understand Plaintiff's complaint and supplements, among Plaintiff's descriptions of various unrelated alleged facets of his life, he asserts that other individuals may be attempting to murder him, apparently including the Clintons. However, a "[p]laintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report & recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for the claims he asserts. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief).

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the Court with allegations that he believes to be true but, because he has pleaded no factual predicate to support them, are implausible. Therefore, his allegations amount to conclusory claims and suspicions and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652, 17-CV-

5

5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible" (footnote omitted)). The Court therefore also dismisses Plaintiff's claims as frivolous. *See* § 1915(e)(2)(B)(i).

**D.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint and supplements cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**E.     Warning**

In a September 26, 2007 Memorandum Opinion and Order Adopting, In Part, a Report and Recommendation issued in one of Plaintiff's previous *pro se* actions brought in this court, the undersigned warned Plaintiff:

> that any continuation of his pattern of frivolous litigation against attorneys following losses on the merits of his claims against their clients may prompt a future court to enjoin him from filing *any* such lawsuits in the future without prior permission, and/or to impose other restrictions on his ability to pursue such litigation.

*Kashelkar v. Bluestone*, No. 06-CV-8323 (LTS) (THK), 2007 WL 2809874, at *2 (S.D.N.Y. Sept. 26, 2007) (italics in original), *aff'd*, 306 F. App'x 690 (2d Cir. 2009) (summary order).

While Plaintiff has not brought this action against attorneys following his loss on the merits of claims against those attorneys' clients, in bringing this action, Plaintiff has continued his pattern of frivolous litigation in this court. In light of his litigation history and the frivolousness of this action, the Court reiterates its previous warning to Plaintiff, and also warns

him that any further vexatious or frivolous litigation in this court may result in an order barring him from filing any new civil action in this court IFP unless he receives prior permission of the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); Fed. R. Civ. P. 12(h)(3). In light of his litigation history and the frivolousness of this action, the Court reiterates its previous warning to Plaintiff, *see Kashelkar*, 2007 WL 2809874, at *2, and also warns him that any further vexatious or frivolous litigation in this court may result in an order barring him from filing any new civil action in this court IFP unless he receives prior permission of the court. *See* 28 U.S.C. § 1651.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   May 31, 2024
         New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge